IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EDDIE HENSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | CIVIL NO. 10-cv-1049-DRH |
| ) | |
| JEFFERSON COUNTY, ILLINOIS, ) | |
| and THE ATTORNEY GENERAL OF ) | |
| THE STATE OF ILLINOIS, ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Petitioner, currently incarcerated in the Shawnee Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his confinement.

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

According to the instant habeas petition, Petitioner was found guilty by a

jury on September 16, 2004, of predatory criminal sexual assault in the Jefferson County Circuit Court, Case No. 03-CF-226.  He was sentenced on November 12, 2004, to two concurrent terms of fifteen years.  Petitioner's conviction was affirmed on appeal by the Illinois Appellate Court, Fifth District, on June 5, 2007 (Doc. 1-1, p. 2-18).  *People v. Henson*, No. 5-05-0685, 943 N.E.2d 346 (Ill. App. 2007) (table).  His petition for leave to appeal (PLA) was denied by the Supreme Court on November 26, 2008.  *People v. Henson*, No. 107220, 900 N.E.2d 1121 (Ill. 2008) (table).

Petitioner filed a post-conviction petition on March 10, 2008, which was denied by the trial court without an evidentiary hearing on May 22, 2008 (Doc. 1, p. 7; Doc. 1-5).  He states that he filed an appeal, and that the Illinois Appellate Court, Fifth District, affirmed the trial court in Case No. 5-08-0307.  However, Petitioner did not include a copy of the appellate court's order, nor did he include the date of that decision as instructed in the form Petition for Writ of Habeas Corpus (Doc. 1, p. 7).  *See* Rule 2(d), Rules Governing § 2254 Cases in the U.S. District Courts; SDIL-LR 8.1(a)(1).  Petitioner also fails to indicate whether he petitioned the Illinois Supreme Court for leave to appeal, and if so, the date of disposition of any such petition.

Finally, Petitioner claims that he filed a motion in the circuit court on September 16, 2010, seeking an order for a DNA database search (Doc. 1, p. 7).  Petitioner did not include a copy of that motion, but indicates that the trial court had not yet ruled on it as of the date he filed the instant habeas action (Doc. 1, p.

7-8).

Petitioner filed the instant action on December 30, 2010, raising three grounds for relief: 1) the trial court failed to submit unidentified DNA to the federal database, thus Petitioner was not proven guilty beyond a reasonable doubt; 2) the trial court erred in issuing a *Prim* instruction to the jury, which improperly hastened their verdict (*People v. Prim*, 289 N.E.2d 601, 609 (Ill. 1972); (Doc. 1-1, p. 5)); and 3) the trial court erred in restricting the cross-examination of witnesses regarding the victim's allegedly dysfunctional home life. Ground 1 appears to have been raised by Petitioner for the first time in his September 16, 2010, motion before the trial court, which according to the instant Petition, appears to still be pending there (Doc. 1, p. 7-8; Doc. 1-5). Grounds 2 and 3 were raised by Petitioner in his direct appeal and were rejected by the appellate court (Doc. 1-1, p. 10-11; p. 14-15). The petition must be dismissed as to all three grounds, but for different reasons.

As to grounds 2 and 3, which were properly raised in Petitioner's direct appeal, Petitioner appears to have sought relief from this Court too late. 28 U.S.C. § 2244(d)(1) states that a Petitioner has a one year period in which to file a writ of habeas corpus. Section 2244(d)(1)(A) states that the limitations period shall begin to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." However, under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the

pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In this instance, Petitioner's statute of limitations under § 2244(d)(1)(A) began to run on November 26, 2008, when the PLA from his direct appeal was denied by the Illinois Supreme Court. Thus, Petitioner had until November 26, 2009, to file his writ of habeas corpus, and his filing date of December 30, 2010, was well outside that time frame. However, if Petitioner's appeal of the May 22, 2008, denial of his post-conviction petition was still pending on November 26, 2008, the limitations period would have been tolled. Unfortunately, the petition does not disclose the date when the Illinois Appellate Court disposed of Petitioner's post-conviction appeal, nor the date when the Illinois Supreme Court ruled on his petition for leave to appeal, if such petition was even filed. In his habeas petition, Petitioner is required to specify the grounds for relief and the supporting facts. Rule 2(c), Rules Governing § 2254 Cases in the U.S. District Courts. With respect to the relevant dates of disposition of Petitioner's post-conviction petition, he has not demonstrated that he is entitled to relief, therefore the petition must be dismissed as to grounds 2 and 3. However, the dismissal shall be without prejudice at this time. Petitoner shall be given leave to amend his petition, in the event he can demonstrate that it was indeed timely filed due to tolling of the statute of limitations during the pendency of his post-conviction case.

As to ground 1, Petitioner has a different problem. He is required to first exhaust his state court remedies before seeking habeas relief in this Court, and he

has not done so.  *See* 28 U.S.C. § 2254(b)(1) and (c); *McAtee v. Cowan*, 250 F.3d 506, 508-09 (7th Cir. 2001); *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). According to the petition, the trial court has not ruled on Petitioner's motion for a DNA database search.  Until Petitioner obtains a ruling on that motion and appeals any adverse decision, the matter is not ripe for habeas review. Accordingly, ground 1 of the petition must be dismissed without prejudice to Petitioner re-filing that claim in a timely manner after having exhausted his remedies in state court.

A few words about the named respondents are appropriate, in the event Petitioner files an amended petition.  Petitioner named two respondents – Jefferson County, Illinois, and the Attorney General of Illinois.  However, the only proper respondent in a collateral attack is Petitioner's custodian, in other words, the warden of his prison.  As stated clearly by the Seventh Circuit:

> The Attorney General of [Illinois] is the state's lawyer, not the prisoner's custodian.  If the petitioner is in prison, the warden is the right respondent.  If the petitioner is on parole, the parole board or equivalent should be named.  *A state's attorney general is a proper party only if the petitioner is not then confined, but expects to be taken into custody.*

*Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996) (emphasis added).  *See also Cruz v. Warden of Dwight Corr. Ctr.,* 907 F.2d 665, 665 n.1 (7th Cir. 1990); Rules 2(a) and (b) of the Rules Governing § 2254 Cases in the United States District Courts.  The Illinois Attorney General should not appear as a litigant in any future § 2254 case except under the conditions specified in Rule 2(b).  Furthermore, the

county where Petitioner was convicted is not a proper party to a habeas action.

In summary, Petitioner's action does not survive review under Rule 4, and is **DISMISSED** without prejudice. Petitioner may again seek review of ground 1 after exhausting his state court remedies.

As to grounds 2 and 3 of the petition, **IT IS FURTHER ORDERED** that Petitioner shall have 35 days (to and including **September 20, 2011**) in which to file a First Amended Petition raising these grounds only. The First Amended Petition shall demonstrate that the original filing date of December 30, 2010, was timely, if facts exist to support the timeliness of that date. Petitioner shall include supporting documentation in reference to the timeliness of his original petition.

Petitioner is advised that an amended petition supersedes and replaces the original petition, rendering the original petition void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original petition. Thus, the First Amended Petition must stand on its own, and Petitioner must re-file any exhibits he wishes the Court to consider along with the First Amended Petition.

Should Petitioner fail to file his First Amended Petition by September 20, 2011, the dismissal of grounds 2 and 3 shall become a dismissal **WITH PREJUDICE**. *See* FED. R. CIV. P. 41(b).

Nothing in this order should be construed as an opinion on the merits of Petitioner's claims for relief.

The Clerk is DIRECTED to mail Petitioner a blank form Petition Under 28

U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody.

**IT IS SO ORDERED.**

**Dated: August 16, 2011**

Digitally signed by David R. Herndon
Date: 2011.08.16 13:48:29 -05'00'

**Chief Judge
United States District Court**